### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DOUGLAS BRANHAM, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-07-1133-M |
| | ) | |
| HALSTED HOME RENTAL, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Before the Court is defendants' Motion to Dismiss [docket no. 13], filed on December 21, 2007. On January 8, 2008, plaintiffs filed their response. Based upon the parties' submissions, the Court makes its determination.

I.    INTRODUCTION

Plaintiffs commenced this action to recover unpaid wages from defendants pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206, *et seq.*, and Oklahoma's Protection of Labor statute, Okla. Stat. tit. 40, § 165.1, *et seq.* Further, plaintiffs assert *Burk*[1] claims concerning alleged retaliatory terminations for complaining of unhabitable conditions of their dwelling and dwellings of other tenants owned by defendants.

Plaintiffs Douglas Branham and Jason Gibson were both employed by defendants Melinda and Stephan Halsted, joint partners of Halsted Home Rental, L.L.C., from approximately January 1, 2007, until September 25, 2007. In particular, defendants rent and lease mobile homes and apartments, and plaintiffs were employed in defendants' business operation in Oklahoma County,

---

[1]*Burk v. K-Mart Corp.*, 770 P.2d 24 (Okla. 1989).

Oklahoma.  According to the Amended Complaint, plaintiffs entered into an oral employment contract whereby defendants agreed to pay each plaintiff a beginning salary of $1200 per month in addition to each plaintiff receiving free room and board on the property site and utilities provided by defendants.[2]

Plaintiffs have alleged that defendants failed to pay plaintiffs wages for the time they worked, although all duties were performed and wages were earned for the time plaintiffs worked. Specifically, on or around September 22, 2007, plaintiff Douglas Branham allegedly complained to defendant Steve Halsted that neither he nor plaintiff Jason Gibson had been paid in at least eight months for the work performed.  On September 24, 2007, both plaintiffs complained to defendant Melinda Halsted concerning their unpaid work.  Furthermore, on or around September 25, 2007, plaintiffs complained to defendants and outside agencies including the Department of Environmental Quality and the Oklahoma Health Department that their dwelling and the dwellings of others were unsafe for habitation.  Plaintiffs were terminated on or around September 25, 2007, for the stated reason that defendants did not believe plaintiffs were happy.

Defendants now move to dismiss plaintiffs' Amended Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), or, in the alternative, for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

---

[2]The Amended Complaint does not specify the nature or responsibilities of plaintiffs' work pursuant to their oral employment contracts.

II.    DISCUSSION

A.    Subject Matter Jurisdiction

Defendants first assert the Court lacks subject matter jurisdiction to adjudicate this dispute. Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Casteneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking". *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

In this case, defendants assert that plaintiffs' FLSA allegations are not a proper basis for the Court's subject matter jurisdiction because neither defendants nor plaintiffs were engaged in interstate commerce. However, "[s]ubject matter jurisdiction in federal-question cases is sometimes erroneously conflated with a plaintiff's need and ability to prove the defendant is bound by the federal law asserted as the predicate for relief-a merits-related determination." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 511 (2006) (internal citation and quotation omitted). "But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." *Id.* at 516. As a court observed, the "FLSA places the ADV [annual dollar value] limitation in the definitions section of the Act, and does not suggest that the ADV limitation is jurisdictional. We therefore treat it as an element of the claim." *Chao v. Hotel Oasis, Inc.*, 493 F.3d 26, 33 (1st Cir. 2007) (internal citation omitted). Furthermore, "in some instances, if

3

subject-matter jurisdiction turns on contested facts, the trial judge may be authorized to review the evidence and resolve the dispute on her own." *Arbaugh*, 546 U.S. at 514. "If satisfaction of an essential element of a claim for relief is at issue, however, the jury is the proper trier of contested facts." *Id.*

Having reviewed the parties' submissions and "applying [the Supreme Court's] readily administrable bright line to this case," *id.,* the Court holds that the FLSA allegations in the Amended Complaint are elements of plaintiffs' claims for relief, not a jurisdictional issue. Accordingly, the Court denies the motion to dismiss the FLSA claim as to the lack of subject matter jurisdiction.[3]

B.    Failure to State a Claim

The Court, having declined to resolve the issue raised by defendants within the jurisdictional definitions of the FLSA, now considers defendants' challenge to the Amended Complaint concerning the failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Specifically, defendants allege that none of the parties were engaged in interstate commerce as defined by the FLSA.

The FLSA applies to entities engaged in interstate commerce or the instrumentalities thereof, and activities which burden interstate commerce or the free flow of goods in commerce. 29 U.S.C. § 202(a). The FLSA defines commerce as "trade, commerce, transportation, transmission or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b). Furthermore, the FLSA covers a broad scope of activities under the rubric of enterprise coverage which includes entities that have "employees engaged in commerce or in the

---

[3]The Court, in its sound discretion, declines defendants' request to convert the instant motion to dismiss to a motion for summary judgment upon which extrinsic materials may be reviewed.

4

production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person". 29 U.S.C. § 203(s)(1)(A)(i).

Having reviewed the parties' submissions, the Court finds that plaintiffs have set forth sufficient allegations to satisfy the interstate commerce requirement of the FLSA. Specifically, the Amended Complaint states that defendants are operating in business activities which involve the movement, acquisition and handling of goods and services across state lines. In particular, defendants allegedly rent and lease mobile homes and apartments acquired and manufactured in other states. Accordingly, the Court denies the motion to dismiss as to the failure to state a claim upon which relief can be granted.

     C.    <u>Supplemental Jurisdiction</u>

Finally, defendants requests that the Court decline to exercise supplemental jurisdiction over plaintiffs' claims. Having reviewed the parties' submissions, the Court finds this issue moot in light of the Court's denial of dismissal as to the issues of subject matter jurisdiction and failure to state a claim. Accordingly, the Court denies the motion as to supplemental jurisdiction as moot.

III.    <u>CONCLUSION</u>

For the reasons set forth in detail above, the Court hereby DENIES defendants' motion to dismiss.

**IT IS SO ORDERED this 11th day of April, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE